Plaintiff's Name  JARED MARTIN
Inmate No. 1194594
Address  MADERA COUNTY JAIL
145 TOZER STREET
MADERA, CA 93638

FILED
SEP 23 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA     1:22-CV-00914

JARED ANDREW MARTIN                         1:22-CV-0094  1:22-CV-006
_____
(Name of Plaintiff)                         (Case Number)

VS.

KATHLEEN AMIROW
HOWARD E. MOSELEY
CITY OF DELANO
COUNTY OF KERN
_____
(Names of all Defendants)

AMENDED CIVIL RIGHTS COMPLAINT UNDER:

☒ 42 U.S.C. 1983 (State Prisoner)

☐ **Bivens** Action [403 U.S. 388 (1971)] (Federal Prisoner)

RECEIVED
SEP 23 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner?  Yes____  No____

B. If your answer to A is yes, how many? 10

  Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

  1. Parties to this previous lawsuit:

     Plaintiff  MARTIN

     Defendants  NORTHCUTT ET AL.,
     EASTERN DISTRICT

  2. Court (if Federal Court, give name of District; if State Court, give name of County)

     _____

  3. Docket Number 1:22-CV-00748       4. Assigned Judge _____

  5. Disposition (Was the case dismissed? Appealed? Is it still pending?)

     PENDING

PAGE 2 OF 9

6. Filing Date (approx.) _____     7. Disposition Date (approx.) _____

## II. Exhaustion of Administrative Remedies

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are <u>required</u> to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A. Is there an inmate appeal or administrative remedy process available at your institution?

   Yes ✓   No ___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

   Yes ✓   No ___

C. Is the process completed?

   Yes ___   If your answer is yes, briefly explain what happened at each level.

   CDCR EMPLOYEES TRIED TO COVER UP THE BEATING

   No ___   If your answer is no, explain why not.

   ANY ISSUE NOT EXHAUSTED DOES NOT HAVE TO BE I AM NO LONGER IN PRISON

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below. If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name KATHLEEN ALLISON  is employed as CDCR SECRETARY

Current Address/Place of Employment _____

PAGE 2 OF 9

B. Name HOWARD E. MOSELEY is employed as APPEALS OFFICER

Current Address/Place of Employment _____

C. Name City OF DELANO is employed as _____

Current Address/Place of Employment _____

D. Name COUNTY OF KERN is employed as _____

Current Address/Place of Employment _____

E. Name _____ is employed as _____

Current Address/Place of Employment _____

IV. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

1st, 4TH, 5TH, 6TH, 8TH, 14 AMENDMENTS U.S. CONSTITUTION FEDERAL RULES OF EVIDENCE, 18 USC Ch. 113C: TORTURE § 2340, FED. RULES OF CIV. PROCEDURE, BRADY v. MARYLAND

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

FIRST All THE CLAIMS ARE RELATED TO KATHLEEN ALLISON'S LACK OF SUPERVISION, REFUSAL TO STOP THE BEATINGS AND "TORTURE" HER, REFUSAL TO FIRE, ARREST OR DISCIPLINE THOSE INVOLVED IN TORTURING THE PLAINTIFF. ALLISON'S LACK OF ACTION AND REPEATEDLY LOOKING THE OTHER WAY ALLOWED HER EMPLOYEES TO BEAT, BRUTALIZE, "TORTURE" AND ATTEMPT TO MURDER JARED MARTIN. KATHLEEN ALLISON KNEW THE EXTENT

of the beatings and torture of Jared Martin by CDCR employees. Jared Martin put in (multiple) (dozens) of 602 staff complaints naming Kathleen Allison and Howard F Moseley along with Northcutt, Gutierrez and Huckabay. As Chief of Appeals Moseley helped to cover up the abuse and torture by falsifying documents and evidence of CDCR employee torture of Jared Martin. Not only did Mr. Martin put in multiple 602 grievances about Kathleen Allison's refusal to stop the violence against him. Jared Martin wrote her multiple letters personally. She knew Jared Martin was being abused.

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

18 USC Ch. 113C: torture § 2340, § 2340A, § 2340B 1st, 4th, 5th, 6th, 8th and 14th Amendments US Constitution Fed. Rules of Evidence, Fed. Rules of Civ. Procedure.

**Supporting Facts** (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

S. Jacobi, CDCR Ombudsman, Roy W. Wesley, Inspector General, Internal Affairs all knew and did not stop prison employees from beating, "torturing" and mistreating Jared Martin. Every claim is CDCR top supervisors and superiors and government officials creating an environment, where beatings, "torture," neglect, false imprisonment and retaliation is tolerated. Where the District Attorney and Sheriffs of Madera and Kern county cover up and refuse to prosecute prison employees for misconduct and criminal actions.

PAGE 4 OF 9

THERE IS NO TIME WHEN THE DEFENDENTS WERE NOT AWARE OF CDCR MEDICAL AND CUSTODY TORTURING JARED MARTIN. HOWARD E. MOSELEY WOULD DENY THESE THINGS HAPPENED, WOULD DENY THE APPEALS AND SEND MESSAGES TO THE PRISON TELLING THEM TO REWRITE THE REPORTS TO MAKE THIER LIES MORE BELIEVABLE. YES, JARED MARTIN COMPLAINED TO MOSELEY AND ALLISON. HE ALSO WROTE 602 STAFF COMPLAINT ABOUT MOSELEY AND ALLISON. WHEN SUPERVISORS KNOW OF OR CONSENT TO VIOLATIONS OF CIVIL RIGHTS THEY ARE RESPONSIBLE. SUPERVISORS, LOCAL GOVERNMENTS CANNOT BE DELIBERATELY INDIFFERENT TOWARDS PRISONERS. THEY CANNOT FAIL TO PROTECT PRISONERS. THEY CANNOT FAIL TO TRAIN THIER EMPLOYEES TO WHERE IT LEADS TO A DEPRIVATION OF INDIVIDUALS RIGHTS. A POLICY OF INACTION ALLOWED JARED MARTIN TO BE BEATEN, DENIED MEDICAL TREATMENT, ALLOWED SEVERAL ATTEMPTS ON HIS LIFE. IF SUPERVISORS WITH AUTHORITY OVER A SUBORDINATE KNOWS THE SUBORDINATE IS VIOLATING SOMEONES RIGHTS BUT FAILS TO ACT TO STOP THE SUBORDINATE FROM DOING SO, THEY ARE LIABLE. IF KATHLEEN ALLISON, HOWARD E. MOSELEY, CITY OF DELANO ONE COUNTY OF KERN WOULD HAVE ACTED PROPERLY, PLAINTIFF WOULD NOT HAVE SUFFERED THE ABUSE, TORTURE, NEGLECT AND VIOLENCE. CONNICK v. THOMPSON, 131 S. CT. 1350, 179 L. ED. 2d (2011) THE CLAIMANT HAS THREE LAWSUITS THAT HAVE PASSED SCREENING, 1983

AGAINST DARREN HULLABAH, WHO BEAT JARED MARTIN FOR NO REASON, RAMMED HIS FACE INTO THE GROUND, AND BROKE HIS SHOULDER. OFFICER NORTHCUTT WAS NOT DOING A CELL EXTRACTION, HE WAS BEATING JARED MARTIN FOR NO REASON, JARED MARTIN WAS NOT VIOLENT.

INDIGENT LEGAL

OFFICER GUTIERREZ STRANGLED JARED MARTIN FOR NO REASON. HE GRABBED JARED MARTIN BY THE NECK AND BEGAN TO CHOKE THE LIFE OUT OF CLAIMANT THE EVENTS HAPPEND ON APRIL 17, 2020 GUTIERREZ, MAY 6, 2020 DARREN PUCKABAY, MARCH 9, 2021 CORRECTIONAL OFFICER NORTHCUTT CAUSED PAIN SWELLING AND BRUSES ON JARED MARTINS ARM THAT LASTED FOR WEEKS. JERARDO GUTIERREZ MAKE JARED MARTIN THROAT SORE. THESE THREE ATTACKS WERE PART OF "TOSTURE" 18 USC Ch. 113C: TORTURE § 2340. JARED MARTIN SUFFERED FROM MULTIPLE CDCR EMPLOYEES. ON 3-15-2022 OFFICER LOPEZ DENIED ME THE SERVICES OF AN ADA WORKER. I ALMOST FELL I HAD TO SIT ON THE GROUND FOR 20 MINUTES BEFORE HELP ARRIVED. ALBERT MITCHELL IS A WITNESS, CDC # B83207 ON 3-17-2022 SERGEANT ALCATAR CALLED ME INTO THE OFFICE TO TALK TO ME ABOUT A 602 STAFF COMPLAINT I PUT IN ABOUT OFFICER DELACUZ. ALCATAR SAID HE NEEDED TO CLOSE THE DOOR BECAUSE THE INTERVIEW WAS "CONFIDENTIAL" I SAID 602 INTERVIEWS ARE NOT CONFIDENTIAL AND I DIDN'T WANT A CONFIDENTIAL INTERVIEW. I SAID I DO NOT WANT THE DOOR CLOSED BECAUSE YOU ARE GOING TO ASSAULT ME OR CLAIM I ASSAULTED YOU. "YOU HAVE BEEN ABUSING ME" AND COVERING UP OTHERS ABUSING ME. SERGEANT ALCATAR STARTED SCREAMING AT ME AND BEING DISRESPECTFUL. HE WAS GETTING UPSET BECAUSE I WOULD NOT LET HIM OVERTALK ME AND INTERUPT ME. HE STOPPED ASKING QUESTIONS BECAUSE HE WAS TRYING TO COVER UP OFFICER DELACUZ ABUSE OF ME.

PAGE 6 OF 9

I got up and began exiting the office and Sergeant Alcator hit me with his forearm on purpose. When I was walking back to my cell Alcator followed me, grabbed my arm and pulled it the pushed me in the back. Sergeant Alcatar attacked me, used unnecessary force on me twice within a few minutes for no reason. I was tortured 18 USC ch. 113C § 2340 the whole time I was in prison on dozens of occasions. Yet Judge Magistrate Stanley A Boone keeps saying these people did nothing wrong to me. I do not have enough ink and my health is not well enough. My hands are cramping because of arthritis and muscle disease. I have heart problems, diabetes, COPD, bad disc and bone sticking out of my back, I have cold, dizzy spells, nerve damage, dystonia and other crippling and life threatening diseases everyone at that prison at every prison I was at knew how sick I am. I was always going "man down" for emergency care. I needed multiple surgeries, I saw several doctors and took and used up to thirty medications. If I say a nurse refused to give me medical treatment or refused to give me my medications as Nurse Chavez did and Nurse Kimba did that's "torture". If I say Huckabay, Velacruz, Castillo or any other prison employee interfered with or refused to give me medical care that is "torture". I have chronic pain and over a dozen illnesses. If state employees refuse to give a handicap man treatment, "torture"

INDIGENT LEGAL

page 7 of 9

THERE IS NO WAY I CAN write down OR describe EVERY EVENT OR All THE HELL I WENT tHROUGH. I CANT write EVERY EVENT OR CHARGE EVERY PERSON OR SUE EVERY ONE, THERE ARE JUST TOO MANY INCIDENTS OF ABUSE AND "TORTURE" PRISON EMPLOYEES put ME THROUGH. ALBERT MITCHELL BB 3307, DENNIS FRAZIER AZ 3350, RICKY HARVEY AJ7084, JOHNATHAN FRYE AV5648, SCOTT. P G26345, D. EASTER VO8253, JORDAN TUCKER AR 3781, JABIE FOSTER AY 7824, J. MEEK BJ 3275, LA KEITH MCCOY E67351, KITEEAN LEE G53331, S. TIPTON AX 1272, ALVARADO BJ 6331, RAJHAN HAKEEM D. BL 1532, JERONIMO SANCHEZ V04322, HAJON HAII BJ 0722, DEMARIE MACHEY MS 9070, GABRIEL DIAZ BL 8062, TIMOTHY MOSLEY BL 6333, AND ROZ JACKSON AL 1364, LAMAR BROWN AA 2536, GREGORY WASHINGTON F44664, CORNELL DAVIS AW 7860, VANDELL JOHNSON AG 1099, ALLEN K 4879 HAVE WITNESSED CDCR EMPLOYEES BEATING, ABUSING, NOT FEEDING ME, DENYING ME MEDICAL TREATMENT AND MEDICATIONS, "TORTURING" 18 USC Ch. 113C, § 2340 "TORTURE" MEANS AN ACT COMMITTED BY A PERSON UNDER THE COLOR OF LAW SPECIFICALLY INTENDED TO INFLICT SEVERE PHYSICAL OR MENTAL PAIN OR SUFFERING UPON ANOTHER PERSON WITHIN HIS CUSTODY OR PHYSICAL CONTROL. THESE WITNESSES HAVE SPOKEN AT 602 HEARINGS, INTERNAL AFFAIRS INTERVIEWS AND MOST HAVE AGREED TO TESTIFY IN COURT. THIS LAWSUIT IS BECAUSE EMPLOYEES OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION HAVE TORTURED AND TRIED TO KILL ME. WHILE KATHLEEN ALLISON, HOWARD E. MOSELEY, LITHI BRIGDEN AND AND COUNTY OF KERN KNEW, WERE TOLD, WERE PUT ON NOTICE, WERE ASKED TO

PAGE 8 OF 9

INTERVENE AND STOP AND PREVENT JARED MARTIN FROM BEING TORTURED. IT IS POLICY, UNSPOKEN BUT POLICY, TO LET CORRECTIONAL OFFICERS DO WHATEVER THEY WANT TO JARED MARTIN, INCLUDING BEAT, ABUSE, "TORTURE" AND MURDER. CDCR HAS DONE THIS TO MANY PRISONERS OVER THE YEARS. THE COURT IS WELL AWARE OF THIS. I WILL NOT BE SILENCED. YES, ACCORDING FEDERAL LAW AND THE COURTS, THE DEFENDENTS ARE RESPONSIBLE FOR MY PAIN AND SUFFERING, DEPRIVATION OF RIGHTS

### V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

I WANT A JURY TRIAL, I WANT FEDERAL AND STATE JUSTICE DEPARTMENT INVESTIGATIONS OF CDCR, INTERNAL AFFAIRS, ISU AND KERN VALLEY STATE PRISON. I WANT 100 MILLION DOLLARS IN DAMAGES. I WANT THOSE RESPONSIBLE FIRED AND ARRESTED, U.S. ATTORNEY ASSISTANCE AND FBI PROTECTION. I AM BEING SET UP MY LIFE IS IN DANGER.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9-14-2022      Signature of Plaintiff: _____

(Revised 4/4/14)

PAGE 9 OF 9