# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | Case No. 1:22-cv-0914-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Jared Andrew Martin (Plaintiff), a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed September 23, 2022.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS[1]

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Kathleen Allison, Howard E. Moseley, City of Delano, and County of Kern, as Defendants. With this mind, the Court now turns to Plaintiff's allegations presented in the instant complaint.

Plaintiff's claims are related to Kathleen Allison's lack of supervision and refusal to stop the beatings and torture of him. Plaintiff submitted multiple inmate staff complaints naming Kathleen Allison, Howard Moseley, officer Northcutt, officer Gutierrez, and officer Huckabay.

---

[1] Plaintiff is currently housed at the Madera County Jail; however, the allegations at issue in the first amended complaint took place while Plaintiff was housed at Kern Valley State Prison. (ECF No. 9.) Therefore, the Court assumes Plaintiff was a convicted prisoner at the time of the allegations.

1  Moseley helped cover up the abuse and torture committed by officers Northcutt, Gutierrez, and
2  Huckabay.  However, Moseley and Allison failed to stop the alleged beatings and torture.  It is
3  the policy of CDCR to let correctional officers do whatever they want, including beatings and
4  torture.

      Plaintiff suffers from several medical conditions for which he has not been provided appropriate treatment.

## III.

## DISCUSSION

### A.   Supervisory Liability/Excessive Force

      Insofar as Plaintiff is attempting to sue any Defendants Kathleen Allison and Howard E. Moseley, based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

      Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

      To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.

1  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
2  1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in
3  civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
4  1982).

5        Plaintiff's conclusory statements, without factual support, are insufficient to state a
6  cognizable claim of supervisory liability. See Iqbal, 556 U.S. at 678. Plaintiff has failed to allege
7  facts to support that any supervisory Defendant participated in or directed the violations, or knew
8  of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing
9  that any policy was a moving force behind the assault. See Willard v. Cal. Dep't of Corr. &
10 Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a
11 supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a
12 specific policy and establish a 'direct causal link' between that policy and the alleged
13 constitutional deprivation."). Simply stating that he filed complaints against Moseley and
14 Allison and they failed to prevent the harm to him is insufficient to give to a constitutional claim
15 for supervisory liability. Indeed, an official's allegedly improper processing of a prisoner's
16 grievances or appeals, without more, does not serve as a sufficient basis for section 1983
17 liability. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a
18 "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted);
19 *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because
20 defendant fails properly to process grievances submitted for consideration); see also Todd v.
21 California Department of Corrections and Rehabilitation, 615 Fed. Appx. 415, 415 (9th Cir.
22 2015) (district court properly dismissed claim based on improper "processing and handling of
23 [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison
24 grievance procedure") (citing Ramirez, 334 F.3d at 860) (quotation marks omitted); Shallowhorn
25 v. Molina, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983
26 claims against defendants who "were only involved in the appeals process") (citing Ramirez, 334
27 F.3d at 860). Simply " '[r]uling against a prisoner on an administrative complaint does not cause
28 or contribute to the violation.' " Ellington v. Clark, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29,

2010) (quoting George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007)).  Accordingly, Plaintiff fails to state a cognizable claim against Defendants Allison and Moseley.[2]

### B. Monell Liability

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Social Servs. Of City of New York, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.  In addition "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Pitts v. Cty. of Kern, 17 Cal. 4th 340, 349, 70 Cal.Rptr.2d 823, 949 P.2d 920 (1998).

Instead, a municipality is held liable only when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." Monell, 436 U.S. at 691. This "official municipal policy" need not be expressly adopted, "[i]t is sufficient that the constitutional violation occurred pursuant to a longstanding practice or custom." Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) (citation and internal quotation marks omitted). A policy can also be one of action or inaction, such as a failure to train employees when such omissions amount to the government's policy. See Long v. Cty. of Los Angeles, 442 F.3d 1178, 1189 (9th Cir. 2006) ("[A] county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference[.]").

Thus, to establish a § 1983 claim for municipal liability, Plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (citation and internal quotation marks omitted).

---

[2] The Court notes for the record that Plaintiff is proceeding on three separate actions for excessive force against officers Gutierrez, Northcutt, and Huckabay.  See Martin v. Gutierrez, No. 1:22-cv-600-ADA-BAM (PC); Martin v. Northcutt, No. 1:22-cv-00748-ADA-EPG (PC); Martin v. Huckabay, No. 1:22-cv-00749-ADA-BAM (PC).

There are no allegations in the complaint which challenge a state law or regulation, or a CDCR a policy or procedure that would give rise to any liability by the County of Kern or City of Delano.

### C. Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (citation omitted).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d at 1081 (citation and internal quotation marks omitted). "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

Although Plaintiff contends that he suffers from several medical conditions for which he was not provided medical treatment, Plaintiff allegations in the second amended complaint are so vague and conclusory and fail to state a claim upon which relief may be granted. First, Plaintiff has failed to allege sufficient facts to support a plausible claim that he suffered a serious medical condition. Second, simply stating he was denied medical treatment and/or medications, does not provide sufficient factual detail to give rise to a plausible claim for deliberate indifference, i.e. that they knew of and disregarded an excessive risk to Plaintiff's health and safety. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair

6

notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiff's claim. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### D.      Further Leave to Amend

The Court will recommend that the second amended complaint be dismissed without leave to amend because Plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted). In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the court, the Court finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The repetitious filing of conclusory pleadings does not warrant

granting Plaintiff additional leave to amend. Accordingly, the Court will recommend that the complaint be dismissed without leave to amend.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 28, 2022**

UNITED STATES MAGISTRATE JUDGE